## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PEACE NJOKU, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | |
| UNIVAR USA INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Peace Njoku ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this action for damages and other legal and equitable relief against Defendant UNIVAR USA INC. ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 201 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.     This is a collective action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal wage and hour laws.

2.     Defendant employed Plaintiff and all those similarly situated as Supply Planners, Senior Supply Planners, and Supply Planner Leads (collectively, "SP(s)") at Defendant's various Supply Facilities located throughout the United States.

3.     SPs job duties included ordering supplies and materials from third party vendors for the purposes of stocking Defendant's warehouse to later fulfill Defendant's customer's orders. Defendant did not permit SPs to exercise their independent discretion in performing these duties.

4.      In order to fully perform their job duties, SPs worked in excess of forty (40) hours per workweek. Defendant, however, did not compensate SPs with an overtime premium for all hours worked in excess of forty (40) hours per workweek.

5.     Despite Defendant's internal classification of SPs as exempt employees, SPs were only performing the duties of non-exempt employees and were not permitted to exercise discretion and independent judgment pertaining to matters of significance.

6.     Accordingly, Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective of persons who are and were employed by Defendant as Supply Planners, Senior Supply Planners, and Supply Planner Leads during the past three (3) years through the final date of the disposition of this action who were not paid the statutorily required rate of one-and-one-half (1½) times their

hourly rate for all hours worked in excess of forty (40) per workweek and are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) interest, and (v) attorneys' fees and costs, pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. §§ 201 *et seq.*

8.      Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that Defendant maintains offices, conduct business and reside in this district.

## THE PARTIES

9.    Plaintiff is a citizen of Georgia and resides in Duluth, Georgia.

10.    At all relevant times, Plaintiff was an employee of Defendant within the meaning of the FLSA.

11.    Defendant is a corporation, which is incorporated under the laws of Delaware and registered to do business in the State of Georgia.

12.    Defendant transacted and continues to transact business throughout the United States, including Georgia, by formerly and currently employing SPs and by owning and operating facilities within the State of Georgia.

13.    Defendant has, at all relevant times, been an employer covered by the FLSA.

14.    Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA's overtime requirements.

15.    Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA.

## STATEMENT OF FACTS

### I.      Facts Common to All SPs

16.     Throughout the relevant time period, Defendant employed SPs at its various locations across the United States, including within the Atlanta, Georgia metropolitan area.

17.     SPs' primary job duties are to order supplies and materials from third party vendors for the purposes of stocking Defendant's warehouse to later fulfill customer's orders.

18.     SPs use field forecasts created by Defendant's sales team, which instructs them in terms of the quantity of supplies and materials to order from third party vendors.

19.     It is Defendant's standard procedure for SPs to strictly adhere to the field forecast, policies, and established tools when performing their job duties.

20.     If SPs needed to deviate from the field forecasts, they required permission from their supervisors, *i.e.*, Supply Managers, before doing so. For example, if a SP wanted to order more/less of a material/supply than set forth by the field forecast, she needed to request approval from her Supply Manager before doing so.

21.     Requesting a deviation from the field forecast is a well-established technique/procedure among SPs.

22.     Supply Managers frequently denied SPs requests to deviate from the field forecast.

23.     SPs also require permission from Supply Managers to remedy incorrect purchase orders and invoices—a secondary job duty of SPS. For example, if a purchase order was greater than the amount reflected on the invoice, SPs had to request approval from the Supply Manager to increase the payment to the third party vendor.

24.     SPs further require permission from Supply Managers to permit Defendant's sales team to sell supplies and materials to third parties at a lower cost because they are "aged" (*i.e.*, not being used by Defendant)—another secondary job duty of SPs. Furthermore, it is Defendant's standard procedure to sell aged supplies and materials to third parties at a lower cost.

25.     Defendant additionally required all of the SPs purchase orders to be approved by Supply Managers and to increase or reduce safety stock within the warehouse.

26.     Accordingly, SPs were not free from immediate direction or supervision.

27.     SPs are not permitted to hire or fire employees. They were also were not permitted to discipline other employees.

28.     SPs job duties of constantly ordering supplies are repetitive, recurrent and/or routine.

29.     Accordingly, SPs are not permitted to exercise their independent judgment and discretion regarding matters of significance.

30.     SPs were paid on a salary basis.

31.     SPs are compensated bi-weekly via check or direct deposit.

32.     Throughout the relevant time period, SPs were scheduled to work at least five (5) days per workweek.

33.     Throughout the relevant time period, SPs were scheduled to work at least nine (9) hours per workday.

34.     Throughout the relevant time period, Defendant did not record the hours that SPs worked.

35.     Throughout the relevant time period, SPs worked in excess of their scheduled work hours.

36.     In fact, throughout the relevant time period, SPs worked well in excess of forty (40) hours per workweek. For example, a typical workweek for a SP was at least fifty (50) hours per workweek.

37.     Despite working in excess of forty (40) hours per workweek, Defendant did not compensate SPs with an overtime premium of one and a half (1 ½) times their hourly rate for all hours worked in excess of forty (40) hours per workweek.

38.     Since SPs are not permitted to exercise discretion and independent judgment regarding matters of significance, they are not exempt from the overtime provisions of the FLSA.

39.     SPs are not permitted to hire, fire, promote, or discipline any employees.

40.     SPs do not have the authority to suggest or recommend the hiring, firing, promotion, or disciplining any employees.

41.     SPs are entitled to the overtime premium of one and a half (1 ½) times their hourly rate for all hours worked in excess of forty (40) hours per workweek.

42.     Defendant's failure to compensate SPs one and a half (1 ½) times their hourly rate for all hours worked in excess of forty (40) hours per workweek violates the FLSA.

**II.     Facts Pertaining to Plaintiff**

43.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44.     Plaintiff is currently employed as a Supply Planner for Defendant.

8

45.     In or around June 2014, Plaintiff began her employment with Defendant as a Customer Service Representative at Defendant's Customer Service facility located in Atlanta, Georgia.

46.     In or around June 2016, Plaintiff ended her employment with Defendant as a Customer Service Representative to take a position as a Supply Planner at Defendant's Supply facility located in Atlanta, Georgia.

47.     Throughout the relevant time period, on average, Plaintiff worked approximately fifty-five (55) hours per workweek.

48.     Plaintiff was/is not compensated the overtime premium of one and a half (1 ½) times her hourly rate for all hours worked in excess of forty (40) hours per workweek.

49.     As described above, Plaintiff was/is not permitted to exercise discretion and independent judgment on matters of significance to Defendant.

50.     Accordingly, Plaintiff is entitled to the overtime premium of one and a half (1 ½) times her hourly rate for all hours worked in excess of forty (40) hours per workweek.

51.     Defendant violated the FLSA by failing to pay Plaintiff the overtime premium of one and a half (1 ½) times her hourly rate for all hours worked in excess of forty (40) hours per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52.     Plaintiff seeks to bring this suit as a collective action pursuant to 29

U.S.C. § 216(b) on their own behalf as well as those in the following collective:

> All persons employed by Defendant during the past three
> (3) years through the final date of disposition as Supply
> Planners, Senior Supply Planners, and Supply Planner
> Leads throughout the United States who have been subject
> to Defendant's policies of requiring them to work without
> compensation of one and half (1 ½) times their hourly rate
> for all hours worked in excess of forty (40) hours per
> workweek.

53.     At all relevant times, Plaintiff was similarly situated to all such

individuals in the FLSA Collective[1] because, while employed by Defendant,

Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same

laws and regulations, were paid in the same or substantially similar manner, were

paid the same or similar rate, were required to work in excess of forty (40) hours

per workweek, and were subject to Defendant's unlawful policies and practices of

willfully failing to pay them at the statutorily required rate of one-and-one-half (1½)

times their hourly rate for all hours worked in excess of forty (40) per workweek.

---

[1]     Hereinafter referred to as the "FLSA Plaintiffs".

54.   Defendant is and has been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek, yet willfully failed to do so.

55.   The FLSA Plaintiffs, under Plaintiff's FLSA claim, are readily discernable and ascertainable. All FLSA Plaintiffs' contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court determines.

56.   The numbers of FLSA Plaintiffs in the collective group are too numerous to join in a single action, necessitating collective recognition.

57.   All questions relating to Defendant's violation of the FLSA share the common factual basis with Plaintiff. No claims under the FLSA relating to the failure to pay statutorily required overtime premiums are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

58.    Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

59.   A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

60.   Plaintiff's attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

61.     The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

62.     The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendant's continued violations of the FLSA will undoubtedly continue.

## CAUSE OF ACTION

### COUNT I
**Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiff on Behalf of All FLSA Plaintiffs**

63.     Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64.     Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per workweek.

12

65.    Upon information and belief, Defendant knowingly failed to pay Plaintiff and the FLSA Plaintiffs for all hours worked and failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate of one and a half (1 ½) times their hourly rate for all hours worked in excess of forty (40) per workweek.

66.    Defendant's conduct was willful and lasted for the duration of the relevant time periods.

67.    Defendant's conduct was in violation of the Fair Labor Standards Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs employed by Defendant, demand judgment against Defendant as follows:

A.    At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B.    Designation of Plaintiff as representative of the FLSA Collective and defined herein, and Plaintiff's counsel as Class Counsel;

C.    Equitable tolling of the FLSA statute of limitations as a result of Defendant's failure to post requisite notices under the FLSA;

E.      Demand a jury trial on these issues to determine liability and damages;

F.      Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

G.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

H.      All damages which Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including back pay, liquidated damages, general and special damages for lost compensation and job benefits they would have received but for Defendant's improper practices;

I.      Awarding Plaintiff and FLSA Plaintiffs pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J.      Awarding Plaintiff and FLSA Plaintiffs Defendant's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.      Awarding Plaintiff and FLSA Plaintiffs the amount of unpaid wages, including interest thereon, and penalties, including liquidated damages subject to proof;

14

L.      Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

M.      Awarding pre-judgment and post-judgment interest, as provided by law; and

N.      Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 21st day of December, 2018.

*s/ Beth A. Moeller*
Beth A. Moeller
Georgia Bar No. 100158
bmoeller@moellerbarbaree.com
Tracey T. Barbaree
Georgia Bar No. 036792
tbarbaree@moellerbarbaree.com
MOELLER BARBAREE LLP
1100 Peachtree Street, N.E.
Suite 200
Atlanta, Georgia 30309
Telephone: (404) 692-5543

OF COUNSEL:

James A. Vagnini
*pro hac vice admission to be filed*
jvagnini@vkvlawyers.com
Robert R. Barravecchio
*pro hac vice admission to be filed*
rrb@vkvlawyers.com
Alexander M. White
*pro hac vice admission to be filed*
awhite@vkvlawyers.com
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180 (phone)
(516) 706-0248 (fax)

Jay D. Ellwanger
*pro hac vice admission to be filed*
Texas State Bar No. 24036522
jellwanger@equalrights.law
**Ellwanger Law LLLP**
8310-1 N. Capital of Texas Hwy
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2262

**ATTORNEYS FOR PLAINTIFF**